UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § | |
| Plaintiff, | § § § | |
| v. | § § | EP-22-CV-00029-FM |
| PELICAN INVESTMENT HOLDINGS GROUP, LLC b/d/a AAP a Delaware Limited Liability Company; DIMENSION SERVICE CORPORATION, INC., an Ohio Corporation; GUS RENNY aka GUSTAV RENNY; SING FOR SERVICES, LLC d/b/a MEPCO; and SUNPATH LTD, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT AAP'S MOTION TO DISMISS

Before the court are "Defendant, Pelican Investment Holdings, LLC d/b/a AAP's, Motion to Dismiss Plaintiff, Erik Salaiz's, First Amended Complaint" ("Motion") [ECF No. 24], filed April 20, 2022, by Pelican Investment Holdings, LLC ("Defendant" or "Defendant AAP"); "Plaintiff's Response to Defendant Pelican Investment Holdings Group, LLC d/b/a AAP's Motion to Dismiss Plaintiff Erik Salaiz's First Amended Complaint" ("Response") [ECF No. 30], filed May 10, 2022, by Erik Salaiz ("Plaintiff"); and "Defendant, Pelican Investment Holdings, LLC d/b/a AAP's, Reply in Support of Its Motion to Dismiss Plaintiff, Erik Salaiz's, First Amended Complaint" ("Reply") [ECF No. 34], filed May 16, 2022, by Defendant. After due consideration of the Motion, Response, Reply, and applicable law, the Motion is **DENIED**.

1

I. **BACKGROUND**

Plaintiff's allegations, which the court takes as true, are as follows: Defendant AAP telemarkets on behalf of companies like Dimension Service Corporation, Inc. and Sunpath Ltd. ("Defendants VSC Administrators") who administer vehicle service contracts ("VSCs").[1] Defendant Renny is the director and Chief Executive Officer of Defendant AAP.[2] Defendant Mepco is the finance company "that collects the payments for every VSC that consumers purchase from" Defendants VSC Administrators.[3]

Plaintiff alleges Defendants Dimension and Sunpath contracted with Defendant AAP to sell VSC products using robocalls and gave Defendant AAP scripts and pricing information to use on the calls, which Defendant AAP authorized its telemarketers and agents to use.[4] Beginning in August 2021, Plaintiff began receiving robocalls "from Defendant AAP" soliciting VSCs on behalf of Defendants VSC Administrators.[5] Payments he made during those calls displayed on his bank statements as going to AAP.[6] He later received VSC policies in the mail listing AAP as the seller.[7]

Plaintiff filed an amended complaint against Defendants AAP, Renny, Mepco, Dimension Service Corporation, Inc., and Sunpath Ltd. in April 2022 seeking relief under the Telephone

---

[1] "Plaintiff's First Amended Complaint" ("Compl.") 7 ¶¶ 29–30, filed Apr. 6, 2022.

[2] *Id.* at 2 ¶ 4, 15 ¶ 95, 16 ¶ 100, 26 ¶ 149.

[3] *Id.* at 8 ¶ 31.

[4] *Id.* at 9 ¶¶ 44–45, 10 ¶¶ 46, 50.

[5] *Id.* at 10 ¶ 52, 11 ¶¶ 56, 62, 12 ¶ 68, 13 ¶ 74, 14 ¶ 81.

[6] *Id.* at 15 ¶ 90.

[7] *Id.* at 15 ¶ 91.

Consumer Protection Act ("TCPA"), which prohibits unsolicited telemarketing robocalls.[8] Defendant AAP moved to dismiss, Plaintiff responded, and Defendant AAP replied.[9]

## II. **LEGAL STANDARD**

Federal Rules of Civil Procedure ("Rule") 12(b)(6) allows dismissal of a complaint for "failure to state a claim for which relief can be granted."[10] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[11] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[13] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Therefore, a complaint is not required to set out "detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[15]

---

[8] *See generally id.*

[9] *See* "Defendant, Pelican Investment Holdings, LLC d/b/a AAP's, Motion to Dismiss Plaintiff, Erik Salaiz's, First Amended Complaint" ("Mot."), ECF No. 24, filed Apr. 20, 2022; "Plaintiff's Response to Defendant Pelican Investment Holdings Group, LLC d/b/a AAP's Motion to Dismiss Plaintiff Erik Salaiz's First Amended Complaint" ("Resp."), ECF No. 30, filed May 10, 2022; "Defendant, Pelican Investment Holdings, LLC d/b/a AAP's, Reply in Support of Its Motion to Dismiss Plaintiff, Erik Salaiz's, First Amended Complaint" ("Reply"), ECF No. 34, filed May 16, 2022.

[10] FED. R. CIV. P. 12(b)(6).

[11] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *Id.* (citing *Twombly*, 550 U.S. at 556).

[15] *Twombly*, 550 U.S. at 555.

3

## III. DISCUSSION

Defendant contends Plaintiff has not stated a claim for which relief can be granted since he failed to identify the alleged callers or provide "any factual basis that the alleged [calls] were made by AAP, came at the direction of AAP or that AAP had anything to do with them."[16]

This is plainly untrue. Plaintiff alleges Defendants VSC Administrators "entered into a contractual agreement with Defendant AAP" to sell their VSC products using robocalls and gave Defendant AAP scripts and pricing information to use on the calls.[17] Defendant AAP authorized its telemarketers and agents to use these scripts.[18] Plaintiff then received several calls "from Defendant AAP."[19] The payments he made during those calls displayed on his bank statements as going to "AAP."[20] He later received VSC policies in the mail listing AAP as the seller.[21]

These allegations are assumed true, and all reasonable inferences are indulged in Plaintiff's favor.[22] Under this standard, he has plausibly alleged Defendant's involvement in violative calls.

---

[16] Mot. at 4.

[17] Compl. at 9 ¶¶ 44–45, 10 ¶ 46.

[18] *Id.* at 10 ¶ 50.

[19] *Id.* at 10 ¶ 52, 11 ¶¶ 56, 62, 12 ¶ 68, 13 ¶ 74, 14 ¶ 81.

[20] *Id.* at 15 ¶ 90.

[21] *Id.* at 15 ¶ 91.

[22] *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that "Defendant, Pelican Investment Holdings, LLC d/b/a AAP's, Motion to Dismiss Plaintiff, Erik Salaiz's, First Amended Complaint" [ECF No. 23] is **DENIED**.

**SIGNED AND ENTERED** this <u>10th</u> day of **November 2022.**

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE