UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ERIK SALAIZ, § § § | |
| Plaintiff, § § | |
| v. § | EP-22-CV-00029-FM |
| § § | |
| PELICAN INVESTMENT HOLDINGS § GROUP, LLC b/d/a AAP a Delaware § Limited Liability Company; § DIMENSION SERVICE § CORPORATION, INC., an Ohio § Corporation; GUS RENNY aka § GUSTAV RENNY; SING FOR § SERVICES, LLC d/b/a MEPCO; and § SUNPATH LTD, § § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANT MEPCO'S MOTION TO DISMISS

Before the court is "Defendant, Sing for Services, LLC d/b/a Mepco's Motion to Dismiss Plaintiff's Amended Complaint Against Mepco and Brief in Support" ("Motion") [ECF No. 24], filed May 9, 2022, by Mepco ("Defendant" or "Defendant Mepco"). After due consideration of the Motion and applicable law, the Motion is **GRANTED**.

I. BACKGROUND

Plaintiff's allegations, which the court takes as true, are as follows: Defendant AAP telemarkets on behalf of companies like Defendant Dimension Service Corporation, Inc. and Defendant Sunpath Ltd. ("Defendants VSC Administrators") who administer vehicle service

1

contracts ("VSCs").[1] Defendant Mepco is the finance company "that collects the payments for every VSC that consumers purchase from" Defendants VSC Administrators.[2]

Notwithstanding that last allegation, Defendant Mepco is alleged to have "entered into a contractual agreement with Defendant AAP" to sell its VSC products using robocalls, for which it provided Defendant AAP with scripts and pricing information.[3]

Beginning in August 2021, Plaintiff began receiving robocalls "from Defendant AAP" soliciting VSCs on behalf of Defendants VSC Administrators.[4] He purchased several VSCs in order to ascertain who was behind the robocalls.[5] Each VSC listed the seller as Defendant AAP and the administrator as either Defendant Dimension Service Corporation, Inc. or Defendant Sunpath Ltd.[6]

Plaintiff filed an amended complaint against Defendants AAP, Renny, Mepco, Dimension Service Corporation, Inc., and Sunpath Ltd. in April 2022 seeking relief under the Telephone Consumer Protection Act ("TCPA"), which prohibits unsolicited telemarketing robocalls.[7] Defendant Mepco moved to dismiss.[8]

---

[1] "Plaintiff's First Amended Complaint" ("Compl.") 7 ¶¶ 29–30, filed Apr. 6, 2022.

[2] *Id.* at 8 ¶ 31.

[3] *Id.* at 10 ¶¶ 46, 47.

[4] *Id.* at 10 ¶ 52, 11 ¶¶ 56, 62, 12 ¶ 68, 13 ¶ 74, 14 ¶ 81.

[5] *E.g., id.* at 13 ¶ 79.

[6] *Id.* at 15 ¶ 91.

[7] *See generally id.*

[8] *See* "Defendant, Sing for Services, LLC d/b/a Mepco's Motion to Dismiss Plaintiff's Amended Complaint Against Mepco and Brief in Support" ("Mot."), ECF No. 24, filed May 9, 2022.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure ("Rule") 12(b)(6) allows dismissal of a complaint for "failure to state a claim for which relief can be granted."[9] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[10] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[11] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[12] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] Therefore, a complaint is not required to set out "detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[14]

## III. DISCUSSION

Defendant contends "Plaintiff fail[ed] to plead how or when he interacted with Mepco when receiving allegedly unwanted phone calls or when purchasing VSCs subsequent to receiving allegedly unwanted phone calls."[15] "Instead, Plaintiff relies on a formulaic recitation of agency principles in attempt to create a plausible claim," asserting "that Mepco enter[ed] a contract with

---

[9] FED. R. CIV. P. 12(b)(6).

[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.* (citing *Twombly*, 550 U.S. at 556).

[14] *Twombly*, 550 U.S. at 555.

[15] Mot. at 6–7.

3

AAP to sell Mepco's VSC products—despite the fact that Mepco does not sell VSC products, it is merely a payment processer."[16] Defendant is correct.

As a threshold matter, Plaintiff's complaint is contradictory, at one point alleging Defendant Mepco is merely a payment-processing company while elsewhere alleging Defendant Mepco "entered into a contractual agreement with Defendant AAP" to sell its VSC products.[17] "[A] court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss."[18]

Furthermore, Plaintiff never connects Mepco to any specific violative calls. Instead, he asserts he received robocalls "from Defendant AAP" soliciting VSCs "on behalf of Defendants."[19] Yet each VSC he purchased listed the seller as Defendant AAP and the administrator as either Defendant Dimension Service Corporation, Inc. or Defendant Sunpath Ltd.[20] It is reasonable, therefore, to infer the "Defendants" on whose behalf Defendant AAP was calling were Dimension Service Corporation, Inc. and Sunpath Ltd., but not Defendant Mepco.

It is true that Plaintiff alleges Defendant Mepco "entered into a contractual agreement with Defendant AAP" to sell VSC products and "provided scripts and pricing information to Defendant AAP," implying Defendant Mepco had the same relationship with Defendant AAP as did Defendants VSC Administrators.[21] But that appears to be the product of Plaintiff's inartful

---

[16] *Id.* at 7.

[17] *Id.* at 8 ¶ 31, 10 ¶¶ 46, 47.

[18] *Cicalese v. Univ. of Tex. Med. Branch*, 456 F.Supp.3d 859, 866 (S.D. Tex. 2020) (internal quotation marks and citation omitted).

[19] *E.g.*, Compl. at 10 ¶ 52, 11 ¶¶ 54.

[20] *Id.* at 15 ¶ 91.

[21] *Id.* at 10 ¶¶ 46–47.

amending of his complaint: Defendants Mepco and Sunpath Ltd. were added as defendants after Plaintiff filed his initial complaint, and Defendant Mepco shows up throughout the amended complaint primarily as an add-on in places where general, conclusory allegations had been leveled against Defendants Dimension Service Corporation, Inc. and AAP.[22] But Plaintiff did not connect Defendant Mepco to any specific factual allegations concerning the calls at issue.[23]

Therefore, at least with respect to Defendant Mepco, Plaintiff has failed to raise a right to relief above the speculative level.[24]

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that "Defendant, Sing for Services, LLC d/b/a Mepco's Motion to Dismiss Plaintiff's Amended Complaint Against Mepco and Brief in Support" [ECF No. 24] is **GRANTED**.

**SIGNED AND ENTERED** this **10th** day of **November 2022.**

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[22] *Compare id.* at 20 ¶ 124 ("Defendants Dimension, Sunpath and Mepco are vicarious liable under the theories of implied authority, apparent authority, and ratification") *with* "Complaint" 15 ¶ 96, ECF No. 1, filed Jan. 19, 2022 ("Defendants are vicariously liable under the theories of implied authority, apparent authority, and ratification").

[23] *See* Compl. at 10–15.

[24] *Twombly*, 550 U.S. at 545.